Ibwin D. Davidson, J.
Petitioner, pro se, moves for a writ of error coram nobis seeking to be resentenced in order to have his right to appeal reinstated. Petitioner pleaded guilty to manslaughter in the first degree under an indictment charging murder. On October 3, 1967, he was sentenced to a term of not less than 10 nor more than 20 years. He is presently serving that sentence.
Petitioner contends that he was deprived of his right to appeal from the judgment by the failure of his privately retained attorney to advise him of such right to appeal, and had he been so advised, he would have filed a notice of appeal within the 30-day time limit (People v. Saunders, 35 A D 2d 591; People v. Greene, 35 A D 2d 587).
The purpose of a Montgomery hearing (People v. Montgomery, 24 N Y 2d 130) is to afford the court an opportunity to determine whether defendant’s counsel had, in fact, advised the defendant of his right to appeal. The Montgomery proceeding is not a device for reopening the merits of the conviction or to consider the propriety of the adjudication of guilt, -nor may it be used as a vehicle to attempt to withdraw a guilty plea on the ground that it was coerced (People v. Bennett, 35 A D 2d 1000). It would appear that at a Montgomery hearing, if the court credits defendant’s statement that he had not been advised of his right to appeal, the court would have no discretion to modify or change the sentence originally imposed but could merely reimpose the original sentence nunc pro tu/np to start anew the time to appeal.
While this determination would appear to be at variance with the decisions in People v. Wilkins (34 A D 2d 632) and People v. Jones (35 A D 2d 661) (both cases are sub judice in the Court of Appeals), actually it is not. There the issue relates to the defendant’s right, sentenced as a second felony offender, to challenge on resentence the constitutionality of the predicate conviction. No such issue is involved in the instant case. It would appear that the preferred rule in a Montgomery resentence would be to treat it purely as a ministerial act limited to vacating the original sentence and reimposing the same sentence nunc pro tunc.
Treated in that light, no useful purpose would be served in having the defendant present in court for resentence in those instances where the court credits defendant’s averment that he was not advised of his right to appeal. In fact, the effi *452 cient administration of justice and broad considerations of public policy would dictate that he not be present. The State would be relieved of the unnecessary expense, and the correction officers would be spared the hazardous duties of transporting the prisoner from jail to court and back to jail again. The court calendars, already heavily congested, would be relieved of the necessity of scheduling a resentence date. Furthermore, our local jails would be spared further overcrowding.
As a threshold proposition, it is observed that sections 356 and 473 of the Code of Criminal Procedure in a felony proceeding mandate the personal presence of a defendant at the time of sentence. In line with the statutory requirement, the court has held that a defendant should be present when sentence is pronounced (People ex rel. Lupo v. Fay, 13 N Y 2d 253). Unquestionably, a defendant should be present at all stages of his trial or sentence where questions of fact are to be determined (People v. Anderson, 16 N Y 2d 282). This is in line with the salutary purpose of preventing the ancient evil of secret trials and to guarantee the defendant’s right to be present at all important stages of the trial. However, due process mandates the defendant’s presence to the extent only that his presence is necessary for a fair and just hearing of his cause (Snyder v. Massachusetts, 291 U. S. 97). In that case Justice Cardozo wrote that the inquiry should be whether the defendant’s presence at the particular trial stage had “ a relation reasonably substantial to the fullness of his opportunity to defend against the charge ”. Application of that test to the instant case, where the court determines from the defendant’s papers that he was not advised of his right to appeal, would seem to eliminate the necessity for the defendant’s presence at the time of resentence, especially where the sole purpose of the resentence is to start anew the defendant’s time to appeal.
No substantial right of the defendant is being affected to. his detriment. In fact, he is being accorded the right to file a notice of appeal which is all that his motion seeks to accomplish. On the reinstated appeal, the defendant may urge upon the appellate court the claim that his sentence was excessive (People v. Rastorfer, 35 A D 2d 708).
This court determines that the defendant’s presence for resentence on this Montgomery type application Is unnecessary. His presence will not be ordered, since the court now grants his application and resentences him to a term of not less than 10 nor more than 20 years nmnc pro tunc as of October 3, 1967. *453 This is done to reinstate the time within which the defendant may appeal from this sentence.
The Clerk will duly file a notice of appeal from this resentence on defendant’s behalf and so notify him.